ELECTRONICALLY FILED
1/6/2016 12:18 PM
2016-L-000110
CALENDAR: B
PAGE 1 OF 8
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| NICHOLAS ZEYADEH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. |
| | ) |
| SHERIFF'S OFFICE OF COOK COUNTY | ) |
| And DARRYL HOWELL | ) |
| | ) |
| Defendants | ) |

## VERIFIED COMPLAINT

NOW COME Plaintiff (Nicholas Zeyadeh hereinafter, "Plaintiff), by and through his attorneys, the Avila Law Group, LLC, and complains against Defendants Sheriff's Office of Cook County (hereinafter, "Defendant SOCC"), and Darryl Howell (hereinafter "Defendant Howell). In conformance whereof, Plaintiff states as follows.

## JURISDICTION AND VENUE

1. The charges contained herein allege torts and acts of discrimination governed by Illinois law and federal law.

2. The events giving rise to Plaintiff's claims occurred principally within the geographical boundaries of Cook County, Illinois.

3. Plaintiff is an individual residing in Cook County, Illinois

4. Defendant Cook County Sheriff is a law enforcement agency with operations located at 10, 50 W. Washington St, Chicago, IL. At all times relevant Defendant Cook County Sheriff was the employer of the Plaintiff.

5. Defendant Darryl Howell, at all times relevant was an employee of Defendant Cook County Sheriff.

6. This cause of action is being filed within 90-days of receipt of a so called "right-to-sue" letter issued by the Equal Employment Opportunity Commission.

<u>PARTIES</u>

7. At all times relevant hereto, Plaintiff was and remains a natural person. Plaintiff was and remains genetically and physiologically male. Plaintiff was born in Jordan, is of the Asian race and is of Arab ethnicity. Plaintiff is a lieutenant for the Sheriff's Office of Cook County.

8. Defendant, Sheriff's Office of Cook County is the principal law enforcement agency that serves in Cook County, Illinois. The primary place of business of Defendant SOCC is located in Cook County.

9. At all times relevant hereto, Defendant Darryl Howell was and remains a natural person. Defendant was and remains genetically and physiologically male. Defendant is a Superintendent at the Sheriff's Office of Cook County. The primary place of business of Defendant is located in Cook County.

<u>STATEMENT OF FACTS</u>

10. The Plaintiff has worked at the Sheriff's Office of Cook County for the past fifteen years. The Plaintiff's current position is a Lieutenant. Prior to the Plaintiff's employment at the Sheriff's Office of Cook County he served in the US Navy and the US Army.

11. The Plaintiff is of the Asian race and was born in Jordan. The Plaintiff is of Arab ethnicity and is a Christian.

12. The Plaintiff has been discriminated based on his race, ethnicity, and religion by Darryl Howell.

13. On October 11th of 2014, Plaintiff was called into Defendant Howell's office to discuss a report written by the Plaintiff. Defendant Howell was dissatisfied with the report and began to make derogatory remarks about the Plaintiff. The Defendant Howell told the Plaintiff that he would do everything in his power to get him fired. The Defendant then loaded a gun that was on the table and went behind the Plaintiff and threatened him.

14. Plaintiff was also subjected to derogatory and discriminatory comments by Howell such as being called "Sand Nigger", "Camel Jockey", "Fucking Arab", and a "Fucking Muslim".

15. On October 13th of 2014, Defendant Howell threatened the Plaintiff in the parking lot of the Sheriff's Office of Cook County by placing his hand on his gun and yelling at the Plaintiff for filing a report about the incident on October 11th of 2014.

16. Within 180 days of all of the alleged incidents, the Plaintiff filed a complaint with the EEOC under Title VII of the Civil Rights Act of 1964, alleging Racial Discrimination, Harassment, and National Origin Harassment.

17. This suit is being filed within 90 days of receipt of a so-called "right-to-sue" letter issued by the Equal Opportunity Employment Commission, sent on October 8, 2015, hereby attached.

## COUNT I

### Racial Harassment/Discrimination

18. Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 17 hereof and adopt same collectively into this Paragraph 18 as if fully set forth herein.

19. Defendant Howell referred to Plaintiff as a "Sand Nigger", "Camel Jockey", and "Fucking Arab". These comments were part of a pattern of severe incidents of racial harassment that negatively affected the Plaintiff's work and subjected the Plaintiff to severe distress.

20. Defendant Howell subjected the Plaintiff to discriminatory treatment that was not given to similarly situated non-Arab co-workers.

21. By also using Defendant Howell as a supervisor or superintendent, Defendant Sheriff's Office of Cook County is vicariously liable for Defendant Howell's unlawful racial harassment against the Plaintiff.

<u>COUNT II</u>

<u>Religious Discrimination</u>

22. Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 21 hereof and adopt same collectively into this Paragraph 17 as if fully set forth herein.

23. Defendant Howell referred to Plaintiff as a "fucking Muslim", a discriminatory act, that prejudiced the Plaintiff. Such action was not afforded against similarly situated non-Arab coworkers.

24. Even though the Plaintiff is not a Muslim, such action is still discriminatory against the Plaintiff because the Defendant perceived him as being of the Islamic faith due to his Arab ancestry.

25. By employing Defendant Howell as a supervisor or superintendent, Defendant Sheriff's Office of Cook County is vicariously liable for Defendant Howell's unlawful religious discrimination against the Plaintiff.

<u>COUNT III</u>

<u>National Origin Discrimination</u>

26. Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 25 hereof and adopt same collectively into this Paragraph 26 as if fully set forth herein.

27. Defendant Howell has told the Plaintiff that the County should not have hired him because he is a foreigner, he has an accent, and he is a terrorist. Howell has treated the Plaintiff's non-Jordan co-workers in a biased manner.

28. Similarly situated non-Jordanian co-workers were not treated in a similar matter.

29. By employing Defendant Howell as a supervisor or superintendent, Defendant Sheriff's Office of Cook County is vicariously liable for Defendant Howell's unlawful national origin Discrimination against the Plaintiff.

## COUNT IV

### Assault

30. Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 29 hereof and adopt same collectively into this Paragraph 30 as if fully set forth herein.

31. Defendant Howell presented the Plaintiff with reasonable apprehension of an imminent harm by loading a gun and walking behind the Plaintiff and by grabbing his gun in the parking lot and screaming at the Plaintiff.

32. By employing Defendant Howell as a supervisor or superintendent, Defendant Sheriff's Office of Cook County is vicariously liable for Defendant Howell's unlawful assault against the Plaintiff.

## COUNT V

### Intentional Infliction of Emotional Distress

33. Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 32 hereof and adopt same collectively into this Paragraph 33 as if fully set forth herein.

34. Defendant Howell acted with extreme and outrageous conduct when he threatened the Plaintiff with a gun on multiple occasions and when he used severe derogatory terms about the Plaintiff in front of his co-workers in order to inflict severe distress on the Plaintiff.

35. Defendant Howell acted with the intent of causing severe emotional distress to the Plaintiff.

36. Defendant Howell's actions did indeed cause the Plaintiff severe emotional distress.

37. As a result of the emotional distress, plaintiff suffers from anxiety and depression that manifests itself in a physical matter, including shortness of breath, loss of sleep, loss of appetite, and fatigue.

38. By employing Defendant Howell as a supervisor or superintendent, Defendant Sheriff's Office of Cook County is vicariously liable for Defendant Howell's intentional infliction of emotional distress.

<u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiff prays this Court enter judgment in favor of Plaintiff and against Defendants, specifically:

    A. Judgment in the amount of $500,000.00.

    B. Any other remedy this court deems right and just.

<u>JURY DEMAND</u>

Plaintiff respectfully demands a trial by jury of all issues contained herein for which a jury trial is allowed.

Respectfully submitted,

_____/s/Frank Avila_____
Frank Avila, Attorney for Plaintiff

Avila Law Group, LLC
Attorneys for Plaintiffs
6601 N. Avondale, Suite 301
Chicago, 60631
favilalawyer@yahoo.com
773-631-0101 telephone/ 773-763-2301 fax
County No. 43783

ELECTRONICALLY FILED
1/6/2016 12:18 PM
2016-L-000110
CALENDAR: G
PAGE 1 of 2
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN